**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shirlean Fant Rand, | No. CV-21-01220-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, Donald J Trump, and Unknown Parties, | |
| Defendants. | |

Pending before the Court are Defendants' motion to dismiss and motion to strike amended complaint and Plaintiff Shirlean Fant Rand's motion for entry of default, all of which are fully briefed.[1]  (Docs. 16-22, 31-33.)  The Court grants the motion to dismiss and denies the motion to strike and motion for entry of default.

**I.  Background**[2]

Ms. Rand's brother, Alan Scott, Jr., was incarcerated in a Michigan prison operated by the State of Michigan.  While there, the COVID-19 pandemic began.  Ms. Rand takes issue with the federal government's response to the pandemic and how it—and especially former President Donald Trump—talked about it.  As it happens, Mr. Scott contracted COVID-19 during his stay in prison, succumbed to it, and died.  Ms. Rand received an early morning voicemail notifying her of her brother's death in December 2020.  She

---

[1] Oral argument is denied because the motions are adequately briefed and oral argument will not help the Court resolve the issues presented.  *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

[2] This background comes entirely from the amended complaint at Docket #13.

brought this lawsuit against former President Donald Trump (in his personal and official capacities) and the United States, raising wrongful death claims and a personal claim of negligent infliction of emotional distress.

**II. Motion for entry of default**

Ms. Rand seeks entry of default against all defendants. But Defendants' motions to dismiss and strike pend before the Court. Because Defendants have appeared and responded to the amended complaint with a motion to dismiss, Ms. Rand's motion for entry of default is denied.

**III. Motion to strike**

Defendants moved to dismiss Ms. Rand's amended complaint on February 11, 2022. (Doc. 16.) Days later, Ms. Rand filed a second amended complaint and a response to the motion to dismiss. (Docs. 17, 18.) Ms. Rand's filing of a second amended complaint has caused a stir because Ms. Rand did not obtain leave of the Court before filing it. After amending a complaint for the first time, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Ms. Rand did not meet either requirement for amending her complaint a second time.

In response to Defendants' motion to strike, Ms. Rand makes clear, however, that by filing the second amended complaint, she was attempting to comply with paragraph 3 of the Court's standard order discouraging motions to dismiss. (Docs. 4, 20.) That paragraph states:

> if Defendant files a motion under Rule 12(b)(6) or 12(c) notwithstanding Plaintiff's belief that further amendment of the complaint can cure the alleged defect(s), Plaintiff must submit, no later than the time Plaintiff files a response to the motion, a proposed amended complaint that complies with LRCiv 15.1(a) and contains all further allegations Plaintiff could make. In the event a motion to dismiss or for judgment on the pleadings is granted in any part, no leave to amend the complaint will be granted beyond what is offered in the proposed amended complaint.

(Doc. 4 at 2.) The Court therefore construes Ms. Rand's second amended complaint as a *proposed* second amended complaint consistent with paragraph 3 of the scheduling order.

As such, the amended complaint filed at Docket #13 remains operative, but the Court will consider the proposed second amended complaint at Docket #17 when determining whether leave to amend should be granted. With this understanding, the motion to strike is denied.

**IV. Motion to dismiss**

Defendants move to dismiss the amended complaint for lack of subject-matter jurisdiction, arguing that Ms. Rand lacks standing to bring a wrongful death action, among other things. (Doc. 16.) A federal court must dismiss claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

**A. Standing**

One element of subject-matter jurisdiction is Article III's "Cases" and "Controversies" requirement, of which standing is an "essential and unchanging part. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). State law determines who has standing to bring a wrongful death claim. Defendants urge the Court to apply Washington, DC law, and Ms. Rand urges the Court to apply Michigan law. Under either law, a plaintiff must be the personal representative of the deceased person to bring a wrongful death suit. D.C. Code § 16-2701; Mich. Comp. Laws § 600.2922(2). Contrary to Defendants' argument, Ms. Rand indeed alleges that she is the personal representative of Mr. Scott's estate. (Doc. 13 ¶ 2.) The Court detects no standing deficiency.

**B. Presidential immunity**

The President of the United States is absolutely immune from suits for damages for conduct that is part of his official duties. *See Forrester v. White*, 484 U.S. 219, 225 (1988); *Nixon v. Fitzgerald*, 457 U.S. 731, 756-58 (1982). It is undisputed that any policies implemented by the United States government and the Trump administration in response to the COVID-19 pandemic constituted conduct that was part of the former President's official duties. Consequently, Ms. Rand may not sue former President Trump in his individual capacity based on the facts she alleges. *Masjedi v. United States*, No. CV 21-2719-FMO (KS), 2021 WL 1269108, at *5 (C.D. Cal. Apr. 6, 2021).

### C. The Federal Tort Claims Act ("FTCA")

The FTCA operates as a limited waiver of the sovereign immunity enjoyed by the United States, and it is a plaintiff's burden to establish that the FTCA applies. *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992). As a threshold matter, this means a plaintiff "must show that 'a private individual under like circumstances would be liable under state law.'" *C.M. v. United States*, No. CV-19-05217-PHX-SRB, 2020 WL 1698191, at *2 (D. Ariz. Mar. 30, 2020) (quoting *United States v. Muniz*, 374 U.S. 150, 153 (1963)). "'Like circumstances' are not 'identical circumstances.'" *Xue Lu v. Powell*, 621 F.3d 944, 947 (9th Cir. 2010). Because the federal government "could never be exactly like a private actor," the Court must find the "most reasonable analogy," if any. *Dugard v. United States*, 835 F.3d 915, 919 (9th Cir. 2016). On this issue, Ms. Rand bears the burden of persuasion.

Ms. Rand proffers two claims under the FTCA. Both fail. Her first, Michigan's "good Samaritan" law, fails because it does not create a duty to exercise due care unless a person rendered services or undertook some act to care for the injured person. *Burgess v. United States*, 375 F. Supp. 3d 796, 817-18 (E.D. Mich. 2019) (quoting *Myers v. United States*, 17 F.3d 890, 901 (6th Cir. 1994)). Ms. Rand does not allege that any federal employee took any such actions here, so no duty arises. Her second, negligent infliction of emotional distress, also fails because she did not allege that she was "actually . . . present at the time of the accident or at least suffer shock fairly contemporaneously with the accident."[3] *Tschirhart v. Pamar Enters., Inc.*, No. 327125, 2016 WL 3541827, at *3 (Mich. Ct. App. June 28, 2016) (quoting *Wargelin v. Sisters of Mercy Health Corp.*, 385 N.W.2d 732, 735 (Mich. Ct. App. 1986)). The claims advanced under the FTCA fail.

### V. Leave to amend

Ms. Rand seeks leave to amend. Leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). The Court considers four factors when

---

[3] The negligent infliction of emotional distress claim would fail under DC law as well, which requires that the plaintiff be within the physical zone of danger. *Jane W. v. Pres. & Dirs. of Georgetown Coll.*, 863 A.2d 821, 826 (D.C. 2004).

- 4 -

determining whether leave to amend is appropriate: bad faith, undue delay, prejudice to the opposing party, and futility. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Futility alone justifies denying a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995). A motion to amend is futile if the amended portion fails to state a plausible claim for relief. *Chabrowski ex rel. ARTBE Enters., LLC v. Litwin*, No. CV-16-03766-PHX-DLR, 2017 WL 2841212, at *2 (D. Ariz. Jan. 19, 2017).

The same deficiencies noted above are reprised in the proposed second amended complaint. Therefore, leave to amend would be futile.

**IT IS ORDERED** as follows:

1. Defendants' motion to strike (Doc. 19) is **DENIED**.
2. Plaintiff's motion for entry of default (Doc. 31) is **DENIED**.
3. Defendants' motion to dismiss (Doc. 16) is **GRANTED**. The Clerk of the Court shall enter judgment accordingly and terminate the case.

Dated this 11th day of August, 2022.

Douglas L. Rayes
United States District Judge